**WAYNE GREENWALD, P.C.**
*Attorneys for Alleged Debtor*
*1934 Bedford, LLC*
**475 Park Avenue South - 26th Floor**
**New York, NY 10016**
**212-983-1922**
**By: Wayne M. Greenwald**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
In re:                                                                    Case No. 19-44751-CEC
                                                                            Involuntary
       **1934 BEDFORD, LLC,**                          **Chapter 11**

                **Alleged Debtor.**
--------------------------------------------------------X

### ALLEGED DEBTOR'S OBJECTION TO SECURED CREDITOR'S MOTION FOR ORDERS AUTHORIZING EXAMINATIONS, PURSUANT TO FED.R.BANKR.P. 2004, <u>WITH POINTS AND AUTHORITIES</u>

**TO: HON. CARLA E. CRAIG**
       **UNITED STATES CHIEF BANKRUPTCY JUDGE**

The alleged debtor, 1934 Bedford, LLC, ("Bedford"), by its attorneys

represents:

### <u>PRELIMINARY STATEMENT</u>

1.    Bedford objects to1930 Bedford Avenue LLC's ("1930") motion seeking

orders, pursuant to Fed.R.Bankr.P. 2004, for authority to examine Bedford,

its principal and the petitioning creditors (the "Motion").

- 1 -

2.    The Motion must be denied because 1930 commenced a contested matter,

See Fed.R.Bankr.P. 9014.

3.    A pending contested matter precludes granting the Motion's request for

discovery, pursuant to Fed.R.Bankr.P. 2004.

## THE MOTION MUST BE DENIED

4.    The Motion is couched in 1930's motion for orders, pursuant to 11 U.S.C. §

543(d), relieving its receiver from complying with the turnover requirements

of 11 U.S.C. § 543(a) and (b) (the "Turnover Motion" ECF # 8.  A copy of te

Turnover Motion, without exhibits is annexed hereto and incorporated herein

as Exhibit "A.").

5.    The Turnover Motion makes allegations for which no response is needed or

required now.

6.    Absent a resolution, Bedford will address them in opposing the Turnover

Motion.

7.    However, the Turnover Motion is a contested matter. See, Fed.R.Bankr.P.

9014, *In re W. Coast Interventional Pain Med., Inc*., 435 B.R. 569, 581

(Bankr. N.D. Ind. 2010), *In re LB Steel, LLC*, 572 B.R. 690, 706 (Bankr.

N.D. Ill. 2017)(". . . a request for turnover under § 543 is brought in a

- 2 -

bankruptcy case as a contested matter."); *In re Tallerico*, 532 B.R. 774, 778

(Bankr. E.D. Cal. 2015) (§ 543 turnover entails a contested matter.)

8.    1930's pending contested matter, Turnover Motion, precludes discovery

through Fed.R.Bankr.P. 2004. See, *In re Bakalis*, 199 B.R. 443, 447–48

(Bankr. E.D.N.Y. 1996), *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28

(Bankr. N.D.N.Y. 1996)("The well recognized rule is that once an adversary

proceeding or contested matter has been commenced, discovery is made

pursuant to the Fed.R.Bankr.P. 7026 *et seq*., rather than by a Fed.R.Bankr.P.

2004 examination."), *In re Cambridge Analytica LLC,* 600 B.R. 750, 752

(Bankr. S.D.N.Y. 2019)(". . .there is a well-recognized rule that once an

adversary proceeding or contested matter is commenced, discovery should be

pursued under the applicable Federal Rules of Civil Procedure, and not Rule

2004.").

9.    Accordingly, the Motion must be denied.

**WHEREFORE,** Bedford asks this Court to issue orders: a.) denying the Motion;

b.) awarding Bedford its costs, attorneys' fees and expenses in defending against

the Motion; and c.) such other and further relief as this Court deems proper.

Dated: New York, NY
      August 28, 2019

                            WAYNE GREENWALD, P.C.
                            *Attorneys for Alleged Debtor*
                            *1934 Bedford, LLC.*
                            475 Park Avenue South - 26th Floor
                            New York, NY 10016
                            212-983-1922

                            By: /S/ Wayne M. Greenwald, Pres.
                                    Wayne M. Greenwald