SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| 1930 BEDFORD AVE LLC,<br><br>        Plaintiff,<br><br>  - v -<br><br>1934 BEDFORD LLC, NIKOL VONLAVRINOFF, CONGREGATION BNAI JACOB, THE BOARD OF MANAGERS OF 1930 BEDFORD AVENUE CONDOMINIUM, BRIGHT LIGHT CORP., B&H CONTRACTING CORP., GYPSUM NEW YORK SALES CORP., RENT A UNIT, E&W WHOLESALE ELECTRICAL INC., CERTIFIED LUMBER CORP. and JOHN DOE #1 THROUGH JOHN DOE #10 (said John Doe defendants being fictitious, it being intended to name all other parties who may have some interest in or lien upon the premises sought to be foreclosed),<br><br>        Defendants. | Index No.:<br>Date Purchased:<br><br><br>**SUMMONS**<br><br>**Commercial Foreclosure of:**<br><br>**1930-1934 Bedford Avenue**<br>**Brooklyn, New York**<br>**Block 5042;**<br>**Lots 1101 and 1102 (F/K/A Lot 60)** |

TO THE ABOVE NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with a Summons, to serve a Notice of Appearance, on the Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the date of service, or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Plaintiff designates Kings County as the place of trial. The basis of the venue is the location of the subject premises.

Dated: New York, New York
    June 3, 2019

                         ANDRIOLA LAW, PLLC

                         /s/ James M. Andriola
                         James M. Andriola, Esq.
                         1385 Broadway, 22nd Floor
                         New York, New York 10018
                         (646) 209-9863
                         james@andriolalaw.com
                         Attorneys for Plaintiff
                         1930 Bedford Ave LLC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| 1930 BEDFORD AVE LLC,<br><br>        Plaintiff,<br><br>     - v -<br><br>1934 BEDFORD LLC, NIKOL VONLAVRINOFF, CONGREGATION BNAI JACOB, THE BOARD OF MANAGERS OF 1930 BEDFORD AVENUE CONDOMINIUM, BRIGHT LIGHT CORP., B&H CONTRACTING CORP., GYPSUM NEW YORK SALES CORP., RENT A UNIT, E&W WHOLESALE ELECTRICAL INC., CERTIFIED LUMBER CORP. and JOHN DOE #1 THROUGH JOHN DOE #10 (said John Doe defendants being fictitious, it being intended to name all other parties who may have some interest in or lien upon the premises sought to be foreclosed),<br><br>        Defendants. | Index No.:<br>Date Purchased:<br><br>**COMPLAINT**<br><br>**Commercial Foreclosure of:**<br><br>**1930-1934 Bedford Avenue**<br>**Brooklyn, New York**<br>**Block 5042;**<br>**Lots 1101 and 1102 (F/K/A Lot 60)** |

    The Plaintiff 1930 Bedford Ave LLC, by and through its undersigned attorneys, Andriola Law, PLLC, as and for its Complaint against defendants, respectfully alleges as follows:

    1.  The Plaintiff 1930 Bedford Ave LLC is a New York limited liability company, having an address at c/o Andriola Law, PLLC, 1385 Broadway, 22nd Floor, New York, NY 10018.

    2.  The Defendant 1934 Bedford LLC (the "Borrower") is a New York limited liability company having an address at c/o Gutman Weiss P.C., 2276 65th Street, 2nd Floor, Brooklyn, New York

    3.  The Defendant Nikol Vonlavrinoff (the "Guarantor") is an individual having an address at 1568 49th Street, Brooklyn, New York 11219.

    4.  Congregation Bnai Jacob is named as a defendant herein because it may have a lien upon the Mortgaged Premises (defined hereunder), which lien is subject and subordinate to the lien of the Mortgages (defined hereunder).

5. The Board of Managers of 1930 Bedford Avenue Condominium is named as a defendant herein because it may have a lien upon the Mortgaged Premises, which lien is subject and subordinate to the lien of the Mortgages.

6. Bright Light Corp. is named as a defendant herein because it recorded a mechanic's lien in the amount of $84,482.00 on May 31, 2018, under Control # 003755138 01, which mechanic's lien is subject and subordinate to the lien of the Mortgages.

7. B&H Contracting Corp. is named as a defendant herein because it recorded a mechanic's lien in the amount of $40,000.00 on June 4, 2018, under Control # 003755560 01, which mechanic's lien is subject and subordinate to the lien of the Mortgages.

8. Gypsum New York Sales Corp. is named as a defendant herein because it recorded a mechanic's lien in the amount of $1,200.00 on June 22, 2018, under Control # 003763744 01, which mechanic's lien is subject and subordinate to the lien of the Mortgages.

9. Rent a Unit is named as a defendant herein because it recorded a mechanic's lien in the amount of $2,448.59 on November 28, 2018, under Control # 003813851 05, which mechanic's lien is subject and subordinate to the lien of the Mortgages.

10. E&W Wholesale Electrical Inc. is named as a defendant herein because it recorded a mechanic's lien in the amount of $35,000.00 on January 16, 2019, under Control # 003829201 01, which mechanic's lien is subject and subordinate to the lien of the Mortgages.

11. Certified Lumber Corp. is named as a defendant herein because it recorded a mechanic's lien in the amount of $23,681.00 on January 22, 2019, under Control # 003830854 01, which mechanic's lien is subject and subordinate to the lien of the Mortgages.

12. The Defendants John Doe #1 through John Doe #10 (fictitious names) are named as defendants herein to represent all other parties, including, without limitation, tenants, other

occupants, or lien holders, who may have some interest in or lien upon the Mortgaged Premises, which interest or lien is subject and subordinate to the lien of the Mortgages.

13. On or about February 22, 2018, the Borrower, for good and valuable consideration, executed and delivered to S III Capital Group LLC, a Consolidated, Restated and Extended Promissory Note to evidence its obligations for a loan in the principal amount of $8,000,000.00 (together with any amendments and/or modifications, the "Land Note"). A copy of the Land Note (along with the subsequent allonges to same) is annexed hereto at Exhibit 1 and its terms are incorporated herein by reference.

14. As security for the payment of the Land Note, the Borrower, as mortgagor, executed, acknowledged, and delivered to S III Capital Group LLC, as mortgagee, the Mortgage Consolidation, Modification and Extension Agreement and Assignment of Leases and Rents and Security Agreement, dated February 22, 2018 (together with any amendments and/or modifications, the "Land Mortgage"). A copy of the Land Mortgage is annexed hereto at Exhibit 2 and its terms are incorporated by reference. The Land Mortgage was recorded in the Office of the City Register on March 2, 2018 at CRFN 2018000073253 and the mortgage recording tax was duly paid.

15. On or about February 22, 2018, the Borrower, for good and valuable consideration, executed and delivered to S III Capital Group LLC, a Consolidated, Restated and Extended Building Loan Promissory Note to evidence its obligations for a loan in the principal amount of $7,000,000.00 (together with any amendments and/or modifications, the "Building Note"). A copy of the Building Note (along with the subsequent allonges to same) is annexed hereto at Exhibit 3 and its terms are incorporated herein by reference. (Hereinafter, where no distinction is necessary, the Land Note and the Building Note will be referred to collectively as "the Notes").

16. As security for the payment of the Building Note, the Borrower, as mortgagor, executed, acknowledged, and delivered to S III Capital Group LLC, as mortgagee, the Building Loan Mortgage Consolidation, Modification and Extension Agreement and Assignment of Leases and Rents and Security Agreement, dated February 22, 2018 (together with any amendments and/or modifications, the "Building Mortgage"). A copy of the Building Mortgage is annexed hereto at Exhibit 4 and its terms are incorporated by reference. The Building Mortgage was recorded in the Office of the City Register on March 2, 2018 at CRFN 2018000073256 and the mortgage recording tax was duly paid. (Hereinafter, where no distinction is necessary, the Land Mortgage along with the Building Mortgage will be referred to collectively as "the Mortgages").

17. On February 22, 2018, the Borrower and S III Capital Group LLC entered into an Amended and Restated Building Loan and Project Loan Agreement which was docketed on February 27, 2018 in Control # 003723244-01 (and said agreement has now been assigned to the above-named Plaintiff 1930 Bedford Ave LLC).

18. Pursuant to the Mortgages, the Borrower pledged and assigned to the mortgagee all of its estate, right, title and interest in and to that certain real property, and the improvements and chattel located thereon, in the County of Kings, State of New York, having an address of 1930-1934 Bedford Avenue, Brooklyn, New York, also known as Block 5042, Lots 1101 (Unit CF) and 1102 (Unit RS), F/K/A Lot 60, on the official Tax Map of the City of New York, and more particularly described in Schedule A of the Mortgages (the "Mortgaged Premises").

19. Pursuant to an Assignment of Mortgage dated August 8, 2018, S III Capital Group LLC assigned all of its right, title and interest in and to the Land Note and the Land Mortgage to S3 RE Funding III LLC. Pursuant to an Assignment of Mortgage dated August 8, 2018, S III Capital Group LLC assigned all of its right, title and interest in and to the Building Note and the Building Mortgage to S3 RE Funding III LLC. Copies of these assignments are collectively

annexed hereto at Exhibit 5 and their terms are incorporated herein by reference. These assignments were recorded in the Office of the City Register on August 28, 2018 at CRFN 2018000288023 and CRFN 2018000288025, respectively.

20. S III Capital Group LLC also executed and delivered to S3 RE Funding III LLC an allonge with respect to each of the Notes. These allonges are annexed hereto as part of Exhibits 1 and 3, and their terms are incorporated herein by reference.

21. Pursuant to an Assignment of Mortgage dated May 10, 2019, S3 RE Funding III LLC assigned all of its right, title and interest in and to the Land Note and the Land Mortgage to 1930 Bedford Ave LLC. Pursuant to an Assignment of Mortgage dated May 10, 2019, S3 RE Funding III LLC assigned all of its right, title and interest in and to the Building Note and the Building Mortgage to 1930 Bedford Ave LLC. Copies of these assignments are collectively annexed hereto at Exhibit 6 and their terms are incorporated herein by reference. These assignments were each recorded in the Office of the City Register on May 31, 2019 at CRFN 2019000169877 and CRFN 2019000169878, respectively.

22. S3 RE Funding III LLC also executed and delivered to 1930 Bedford Ave LLC an allonge with respect to each of the Notes. These allonges are annexed hereto as part of Exhibits 1 and 3, and their terms are incorporated herein by reference.

23. 1930 Bedford Ave LLC is in physical possession of the Notes and the allonges.

24. 1930 Bedford Ave LLC is the sole, true, and lawful owner and holder of the Notes and the Mortgages and will hereinafter be referred to as "Plaintiff."

25. To induce Plaintiff's predecessor-in-interest to make the loans evidenced by the Notes and secured by the Mortgages, on or about February 22, 2018, the Guarantor executed a separate Guaranty in connection with each loan (the "Guaranties"). Copies of the two Guaranties are collectively annexed hereto at Exhibit 7 and their terms are incorporated herein by

reference. The Guaranties were also assigned to Plaintiff on or about May 10, 2019. Pursuant to the Guaranties, the Guarantor guaranteed to the mortgagee the full payment of all amounts due and owing from the Borrower to the mortgagee under the Notes and the Mortgages, which amounts include reasonable attorneys' fees and expenses and all other costs incurred by the mortgagee in connection with the Notes and the Mortgages.

26. Pursuant to the terms of the Notes, the Borrower promised to make monthly payments of interest until the Maturity Date (as such term is defined in the respective Notes) at which time the principal balance of the Notes and all accrued and unpaid interest thereon was payable in full.

27. The Mortgages provide, among other things, that the Borrower's failure to make any payment due under the Notes is an event of default under the Mortgages and upon such an event of default, Plaintiff may institute foreclosure proceedings and sell the Mortgaged Premises according to law.

28. The Maturity Date as set forth in each of the Notes is February 28, 2019. The Borrower was therefore obligated to pay all outstanding principal and interest due under the Notes on February 28, 2019, but the Borrower failed to do so. As a result, one or more events of default have occurred under the Notes and the Mortgages.

29. Additional events of default include but are not limited to: (i) Borrower's failure to make the monthly payments due under the Notes on February 1, 2019; (ii) Borrower's failure to obtain the mortgagee's consent prior to granting a subordinate mortgage against the Mortgaged Premises on or about August 29, 2018; and (iii) Borrower's failure to clear a series of mechanic's liens recorded against the Mortgaged Premises, the first of which was recorded on May 31, 2018.

30. Pursuant to the terms of the Notes and the Mortgages, upon the occurrence of any event of default, all outstanding indebtedness, together with accrued interest becomes immediately due and payable, at the mortgagee's option.

31. By a letter dated March 1, 2019 (*see* Exhibit 8, hereto), Plaintiff's predecessor-in-interest advised the Borrower and Guarantor of one or more of the foregoing events of default and demanded the immediate payment in full of all of Borrower's obligations.

32. Additionally, pursuant to the terms of the Notes and the Mortgages, the Borrower is responsible for all costs and expenses, including attorneys' fees and costs, incurred by the mortgagee in enforcing its rights under the Notes and the Mortgages.

33. By reason of the foregoing, there is now due and owing from the Borrower to Plaintiff, under the Notes and the Mortgages, principal in the aggregate amount of $15,000,000.00, plus interest and fees from before and after the date of this Complaint, and attorney's fees and costs.

34. In order to protect its security, Plaintiff may during the pendency of this action be compelled to pay sums for taxes, assessments, and/or other charges affecting the Mortgaged Premises. Plaintiff prays that all sums so paid, together with interest at the default rate set forth in the Notes and the Mortgages from the date of such payments, together with Plaintiff's costs and expenses in enforcing the sums secured by the Mortgages, including Plaintiff's reasonable attorneys' fees, shall be added to Plaintiff's claim as secured by the Mortgages, and be adjudged a valid lien on the Mortgaged Premises such that Plaintiff be paid such sums out of the proceeds of the sale of the Mortgaged Premises.

35. Each of the above-named defendants has or claims to have or may claim to have some interest in or lien upon the Mortgaged Premises or some part thereof, which interest or lien,

if any, has accrued subsequent to, and is subject and subordinate to, the lien of Plaintiff's Mortgages.

36. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of the Mortgages or for recovery of the sums secured by the Notes and the Mortgages or any part thereof.

37. In the event that Plaintiff possesses any other lien(s) against the Mortgaged Premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth herein, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

38. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of any payments made after the date of the commencement of this action.

WHEREFORE, Plaintiff demands judgment that the defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the Mortgaged Premises and each and every part and parcel thereof; that the Mortgaged Premises may be decreed to be sold, according to law; that the monies arising from the sale thereof may be brought into Court; that Plaintiff may be paid the amount due on the Notes and the Mortgages as set forth herein, with interest and late charges to the time of such payment and the expense of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, together with any sums incurred by Plaintiff pursuant to any term or provision of the Notes and the Mortgages

set forth herein, or to protect the lien of Plaintiff's Mortgages, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of the Mortgaged Premises during the pendency of this action with the usual powers and duties; that the Borrower and Guarantor may be adjudged to pay the whole residue, or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the Mortgaged Premises and the application of the proceeds pursuant to the directions contained in such judgment; that in the event that Plaintiff possesses any other lien(s) against the Mortgaged Premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth herein but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings; and that Plaintiff may have such other and further relief, or both, in the Mortgaged Premises, as may be just and equitable.

Dated:  New York, New York
        June 3, 2019

                                          ANDRIOLA LAW, PLLC


                                          /s/ James M. Andriola
                                          James M. Andriola, Esq.
                                          1385 Broadway, 22nd Floor
                                          New York, New York 10018
                                          (646) 209-9863
                                          james@andriolalaw.com
                                          Attorneys for Plaintiff
                                          1930 Bedford Ave LLC