**WAYNE GREENWALD, P.C.**      **Hearing Date: October 2, 2019**
*Attorneys for Alleged Debtor*      **Hearing Time 3:00 p.m.**
*1934 Bedford, LLC*
**475 Park Avenue South - 26ᵗʰ Floor**
**New York, NY 10016**
**212-983-1922**
**By: Wayne M. Greenwald**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
In re:                                **Case No. 19-44751-CEC**
                                        **Involuntary**
        **1934 BEDFORD, LLC,**              **Chapter 11**

                        **Alleged Debtor.**
--------------------------------------------------------X

### DEBTOR'S MOTION FOR ORDERS:
### A.) MODIFYING THE AUTOMATIC STAY;
### AND/OR B.) THIS COURT ABSTAINING FROM DETERMINING THE
### AMOUNT OF 1930 BEDFORD'S CLAIM WHICH IS SUBJECT TO A
### PENDING STATE COURT ACTION,
### WITH  POINTS AND AUTHORITIES

**TO:  HON.  CARLA R. CRAIG**
        **UNITED STATES CHIEF BANKRUPTCY JUDGE:**

        The alleged debtor, 1934 Bedford, LLC, ("Bedford"), by its attorneys

represents:

### PRELIMINARY STATEMENT

1.     Bedford asks this Court to enter orders:

     A.)     pursuant to 11 U.S.C. § 362(d)(1), and 105(a) modifying the

automatic stay in this case to permit the foreclosure action *1930 Bedford Ave, LLC v. 1934 Bedford, LLC,* New York State Supreme Court for Kings County (the "State Court"), Index No. 512224/2019 (the "Foreclosure"), to proceed for the limited purpose of permitting the State Court to determine what is owed by Bedford to 1930 Bedford Ave, LLC ("1930");

B.)    pursuant to 28 U.S.C. § 1334 ( c ) (1) and/or (2), abstaining to have the State Court determine, in the Foreclosure and/or the Special Proceeding *1934 Bedford LLC v. 1930 Bedford Ave, LLC,* New York State Supreme Court for Kings County, Index No. 513517/2019 (the "Special Proceeding") what is owed by Bedford to 1930; and

C.)    granting such other and further relief as the Court deems proper (the "Motion").

2.    The Motion should be granted because:

A.)    The Motion satisfies the "Sonnax Factors", See, *Sonnax Indus., Inc. v. Tri Component Prod. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280, 1286 (2nd Cir.1990), for modifying the automatic stay to permit a case to proceed in another court;

B.)    The Motion satisfies 28 U.S.C. § 1334( c ) (1) and (2) in that:

    1.  in the interest of justice, in the interest of comity and creditors warrants the State Court determining 1930's claim against Bedford.

    2.)  • the Motion is timely'

        • the Foreclosure and Petition relate to Bedford's bankruptcy case, but do not arise under title 11 or arising in Bedford's case:

        • the Foreclosure and Petition could not have been commenced in a United States' court absent this case;

        • determining 1930's claim can be timely adjudicated by the State Court.

These matters are further elucidated herein.


## BACKGROUND, JURISDICTION AND VENUE

3.    An involuntary petition for relief under chapter 11 of the Bankruptcy Code as filed against Bedford on August 2, 2019.

4.    On September 12, 2019, Bedford consented to the entry of an order for relief under chapter 11 of the Bankruptcy Code.

5.    An order for relief has not been entered in this case.

6.    Bedford continues in the operation of its business and control of its property, pursuant to 11 U.S.C. § 303(f).

7.    Bedford expects that upon entry of an order for relief, it shall continue in the operation of its business and control of its property, pursuant to 11 U.S.C. § the §§ 1107 and 1108.

8.    The Debtor own, operates and develops a mutli-family building in Brooklyn, New York.

9.    No committee of unsecured creditors has been appointed in this case.

10.   This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and 157.

11.   This matter is a "core proceeding" as that term is defined by 28 U.S.C. § 157.

12.   This matter concerns a "public right."

13.   This district is the appropriate district to consider this Motion, pursuant to 28 U.S.C. § 1408.

## THE PENDING STATE COURT PROCEEDINGS

### The Foreclosure

14.   On June 3, 2019, 1930 commenced the Foreclosure against Bedford.

15.   Annexed hereto and incorporated herein as Exhibit "A" is a copy of the Summons and

Complaint in the Foreclosure (without Exhibits").

16.    Annexed hereto and incorporated herein as Exhibit "B" is a copy of the ECF docket sheet

maintained for the Foreclosure.

**The Special Proceeding**

17.    On June 18, 2019, Bedford filed the Special Proceeding.

18.    Annexed hereto and incorporated herein as Exhibit "C" is a copy of the Petition in the

Special Proceeding.

19.    Annexed hereto and incorporated herein as Exhibit "C" is a copy of the ECF docket sheet

maintained for the Special Proceeding;

20.    The Special Proceeding seeks orders pursuant to NYRPL § 274-a and 3 CRR-NY 419.9:

A.)    declaring that 1930 and its predecessor in interest waived and are estopped from

declaring and/or enforcing the defaults and rights under their loan documents with

Bedford;

B.) .    directing 1930 to issue a corrected payoff statement for its loans to Bedford thar

states only:

(i) the outstanding principal amount of $15,000,000;

(ii) unpaid interest through March 1, 2019  at the non-default rate

of 12 percent per annum and zero interest beyond March 1, 2019;

which is the date 1930's predecessor in interest improperly declared

a default,

(iii) the Yield Maintenance Premium set forth in the loan

5

documents;

(3)  awarding Bedford its reasonable attorneys' fees to Petitioner.

See, Exhibit "C" pp. 16-17.

21.    The Special Proceeding's Petition relates 1930 and its predecessor in interest egregious

conduct relative to:

        a.)    Bedford obtaining loans collateralized by a subordinate (Exhibit "C"  ¶s 20 - 24);

        b.)    interfering with Bedford's efforts to refinance its property and satisfy 1930's mortgage (Exhibit "C"  ¶s 25- 34; 43-46);

        c.)    issuing a defective notice of default when there was no default (Exhibit "C"  ¶s 35- 40);

        d.)    lenders' improper payoff quotes (Exhibit "C"  ¶ 50 - 55)

        e.)    preventing the refinancing from closing (Exhibit "C"  ¶s 55-57);

        f.)    treating Bedford paying off the loan as a "shell game" by changing lenders (Exhibit "C"  ¶s 59 - 60)'

        g.)    providing improper payoff amounts (Exhibit "C"  ¶s 60-64).

**THE COURT SHOULD GRANT MODIFY THE AUTOMATIC STAY <u>SO THE STATE COURT CAN DETERMINE 1930'S CLAIM</u>**

**11 U.S.C. § 362(d)(1)**

22.    Bankruptcy Code § 362(d)(1) provides:

On request of a party in interest and after notice and a hearing, the court

shall grant relief from the stay provided under a subsection (a) of this

section, such as by terminating, annulling, modifying, or conditioning such

stay--

(1)    for cause, including the lack of adequate protection of an interest

in property of such party in interest.

23.    "Cause" is not defined in the Bankruptcy Code. *In re SquareTwo Fin. Servs.*

*Corp.*, 2017 WL 4012818, at *4 (Bankr. S.D.N.Y.).

24.    Whether cause exists should be determined on a case by case basis. *In re*

*Papadopoulos*, 2015 WL 996425, at *2 (S.D.N.Y.), *In re Sonnax Industries*,

907 F.2d 1280, 1286 (2d Cir.1990).


**The Sonnax Factors**

25.    Where a party in interest wants a proceeding stayed by 11 U.S.C. § 362(a)

to continue in the non-bankruptcy venue, courts apply the factors identified

in *Sonnax Indus., Inc. v. Tri Component Prod. Corp. (In re Sonnax Indus.,*

*Inc.),* 907 F.2d 1280, 1286 (2nd Cir.1990)(the "Sonnax Factors")

26.    The Sonnax Factors are:

1.  whether relief would result in a partial or complete resolution of the issues;

2.  lack of any connection with or interference with the bankruptcy case;

3.  whether the other proceeding involves the debtor as a fiduciary;

4.  whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

5.  whether the debtor's insurer has assumed full responsibility for defending it;

6.  whether the action primarily involves third parties;

7.  whether litigation in another forum would prejudice the interests of other creditors;

8.  whether the judgment claim arising from the other action is subject to equitable subordination;

9.  whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

10. the interests of judicial economy and the expeditious and economical resolution of litigation;

11. whether the parties are ready for trial in the other proceeding; and

12. impact of the stay on the parties and the balance of harms.

*Id*.

27. Each Sonnax Factor is not relevant in every case.  The weight to be given to the various factors depends upon the facts and circumstances of each case. The decision is committed to the discretion of the bankruptcy judge. *In re First Cent. Fin. Corp*., 269 B.R. 502, 520 (Bankr. E.D.N.Y. 2001), citing, *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir.1999).

28. This Motion satisfies the pertinent Sonnax Factors.


**Would Relief Completely Resolve the Issues?**

29. Yes.  The State Court can determine 1930's claim and consider all pertinent factors.


**Interference with the Bankruptcy Case?**

30. Granting the Motion won't interfere with the bankruptcy case.

31. Bedford wants to hasten it.


**Is the Debtor Involved as a Fiduciary?**

32. No

**Is There a Specialized Tribunal to Hear the Issue?**

33.    State courts routinely calculate mortgagees' claims in foreclosures.

34.    They are especially adept at addressing state law issues, like those the

Special Proceeding and Foreclosure raise.

**Is There Insurance?**

35.    No.

**Presence of Third-parties?**

36.    For the Petition: none.

37.    For the Foreclosure: Yes. Nikol Vonlavrinoff, Congregation Bnai Jacob,

The Board of Managers of 1930 Bedford Avenue Condominium, Bright

Light Corp., B&H Contracting Corp., Gypsum New York Sales Corp., Rent

a Unit, E&W Wholesale Electrical Inc., Certified Lumber Corp., and John

Doe #1 Through John Doe.

**Would Litigation Elsewhere Prejudice Other Creditors?**

38.    No.

**Would a Judgment Lien in Other Action Be
Subject to Equitable Subordination?**

39.    No.

**Would Success in the Other Proceeding
Result in Voidable Judicial Lien?**

40.    No.

**The Interests of  Economy?**

41.    Economy favors granting the Motion.

42.    The State Court is aware of the Special Proceeding and its issues.

43.    It has already considered how to resolve them.

44.    A status conference is scheduled for September 25, 2019.

**Trial Ready?**

45.    The issues are closer to determination in the Special Proceeding and

        Foreclosure.

46.    No bar date is set in this case.

47.    The order for relief is not entered.

## **The Balance of Harm.**

48.    Bedford wants the issue resolved as soon as possible.

49.    1930 seems happy to have penalty interest accrue.

50.    Bedford believes the issue can be resolved sooner in State Court.

51.    Thus, the balance favors granting the Motion.

52.    The Sonnax Factors favor granting the Motion.

## THE COURT SHOULD ABSTAIN IN FAVOR OF THE STATE COURT IN DETERMINING THE AMOUNT OF 1930'S CLAIM

## 28 U.S.C. § 1334

53.    28 U.S.C. § 1334( c ) provides:

(c)(1)    Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2)    Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

13

54.    28 U.S.C. § 1334( c )(2) has been described as "mandatory abstention."

55.    28 U.S.C. § 1334( c )(2) has been described as "mandatory abstention."


## **Mandatory Abstention Applies**

56.    The Special Proceeding and Foreclosure:

   a.)    are based on a State law claim or State law cause of action;

   b.)    relate to Bedford's case under title 11, but not arising under title 11 or
          arising the case under title 11;

   c.)    could not have been commenced in a federal court absent Bedford's
          bankruptcy case;

   d.)    the Special Proceeding and Foreclosure can be heard to fix 1930's
          claim speedily in the State Court.

57.    This Motion is timely. This case just began.

58.    Mandatory abstention applies.


## **Permissive Abstention**

59.    Permissive abstention also applies.

60.    The same factors that warrant modifying the automatic stay and mandatory
       abstention warrant permissive abstention.

61.    The Motion should be granted.

WHEREFORE, Bedford asks this Court to grant this Motion and issue orders:

A.)    pursuant to 11 U.S.C. § 362(d)(1), and 105(a) modifying the automatic

stay in this case to permit the Foreclosure to proceed, for the limited

purpose of permitting the State Court to determine what is owed by

Bedford to 1930;

B.)    pursuant to 28 U.S.C. § 1334 ( c ) (1) and/or (2), abstaining to have the

State Court determine, in the Foreclosure and/or the Special Proceeding

what is owed by Bedford to 1930; and

C.)    granting such other and further relief as the Court deems proper.

Dated: New York, NY
       September 18, 2019

WAYNE GREENWALD, P.C.
*Attorneys for the Debtor 1934 Bedford LLC*
475 Park Avenue South - 26th Floor
New York, New York 10016
212-983-1922

By:   /s/ Wayne M. Greenwald Pres.
            Wayne M. Greenwald