**WAYNE GREENWALD, P.C.**          Hearing Date: October 2, 2019
*Attorneys for Alleged Debtor*          Hearing Time 3:00 p.m.
*1934 Bedford, LLC,*
475 Park Avenue South - 26th Floor
New York, NY 10016
212-983-1922
By: Wayne M. Greenwald

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
In re:                                              Case No. 19-44751-CEC
                                                    Involuntary
    **1934 BEDFORD, LLC,**                    Chapter 11

        **Alleged Debtor.**
-------------------------------------------------------------X

**REPLY IN SUPPORT OF THE DEBTOR'S MOTION FOR ORDERS:**
**A.) MODIFYING THE AUTOMATIC STAY;**
**AND/OR B.) THIS COURT ABSTAINING FROM DETERMINING THE**
**AMOUNT OF 1930 BEDFORD'S CLAIM WHICH IS SUBJECT TO A**
**PENDING STATE COURT ACTION,**
<u>**WITH POINTS AND AUTHORITIES**</u>

**TO:  HON.  CARLA R. CRAIG**
      **UNITED STATES CHIEF BANKRUPTCY JUDGE:**

      The alleged debtor, 1934 Bedford, LLC, ("Bedford"), by its attorneys represents:

**PRELIMINARY STATEMENT**

1. Bedford submits this reply, in support of its Motion asking this Court to enter orders:

    A.)    pursuant to 11 U.S.C. § 362(d)(1), and 105(a) modifying the

        automatic stay in this case to permit the foreclosure action *1930 Bedford Ave, LLC v. 1934 Bedford, LLC,* New York State Supreme Court for Kings County (the "State Court"), Index No. 512224/2019 (the "Foreclosure"), to proceed for the limited purpose of permitting the State Court to determine what is owed by Bedford to 1930 Bedford Ave, LLC ("1930");

  B.)    pursuant to 28 U.S.C. § 1334 ( c ) (1) and/or (2), abstaining to have the State Court determine, in the Foreclosure and/or the Special Proceeding *1934 Bedford LLC v. 1930 Bedford Ave, LLC,* New York State Supreme Court for Kings County, Index No. 513517/2019 (the "Special Proceeding") what is owed by Bedford to 1930; and

  C.)    granting such other and further relief as the Court deems proper;

and in reply to 1930's opposition to the Motion (the "Opposition")

2.    The Motion should be granted because:

  A.)    The Motion satisfies the "Sonnax Factors," See, *Sonnax Indus., Inc. v. Tri Component Prod. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280, 1286 (2nd Cir.1990), for modifying the automatic stay to permit a case to proceed in another court;

  B.)    The Motion satisfies 28 U.S.C. § 1334( c ) (1) and (2) in that:

      1. in the interest of justice, in the interest of comity and creditors

        warrants the State Court determining 1930's claim against Bedford.

2.)
- the Motion is timely'
- the Foreclosure and Petition relate to Bedford's bankruptcy case, but do not arise under title 11 or arising in Bedford's case:
- the Foreclosure and Petition could not have been commenced in a United States' court absent this case;
- determining 1930's claim can be timely adjudicated by the State Court.

These matters are further elucidated herein.

## THE OBJECTION GOES BEYOND THE MOTION

3. The Motion seeks only orders determining that the state court should determine the amount of 1930's claim.

4. The Opposition makes 1930's substantive argument against Bedford's defenses to 19030's mortgage claim.

5. This is not the time for 1930's unnecessary contentions.

6. The Motion seeks to determine the place for the argument.

7. Bedford reserves rights to respond to 1930 at the appropriate time and place.

## THE FORECLOSURE ACTION

8. The Foreclosure action is purely a state law claim and state law defenses.

9. It asserts no bankruptcy law claims or defenses.

10. It did not arise under the bankruptcy code,

11. It did not arise in this case,

12. It is related to this case.

13. Abstention is warranted. See, *In re Burrow*, 505 B.R. 838 (Bankr. E.D. Ark. 2013)(Court abstained from hearing a removed state court foreclosure action which was based entirely on state law, and over which court could exercise only "related to" jurisdiction, which had been timely commenced in state court and could be timely adjudicated in that forum if bankruptcy court abstained.), *In re Danbury Square Assocs., Ltd. P'ship*, 150 B.R. 544, 549 (Bankr. S.D.N.Y. 1993), *In re Mill-Craft Bldg. Sys., Inc.*, 57 B.R. 531, 535 (Bankr. E.D. Wis. 1986)("A mortgage foreclosure suit presents a peripheral, non-traditional bankruptcy issue that cannot be fully and completely adjudicated by the bankruptcy court. There has been no showing that this action is incapable of being timely adjudicated in state court.")

14. On September 25, 2019, a status conference was held in the state court proceeding.

15. The Court was advised of Bedford's pending motion and the October 2, 2019 hearing date.

16. The state court adjourned the conference to October 23, 2019.

17. The state court seems willing to determine the amount of 1930's claim now.

18. Bedford does not want to delay that determination.

19. Bedford asked 1930 to agree to stay relief so the state court would determine the amount of 1930's claim.

20. Instead of seeking a prompt resolution, 1930 moved to impose its receiver on Bedford's property.

21. After 1930's motion was denied, it made its own motion for stay relief to, effectively, negate this Court's decision not to impose a receiver.

22. Bedford is not seeking delay.

23. Bedford wants to determine what 1930 is entitled to, so Bedford can pay it.

24. 1930 has been avoiding that.

## **STAY RELIEF**

25. In the Motion, Bedford satisfies the "Sonnax Factors," See, *Sonnax Indus., Inc. v. Tri Component Prod. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280, 1286 (2nd Cir.1990), for modifying the automatic stay to permit the state court actions to proceed and determine 1930's claim.

26. 1930 made its own motion seeking stay relief, citing *Sonnax.*

27. Thus, the parties agree that the stay should be modified.

28. However, Bedford seeks a modification consistent with the Bankruptcy Code, while 1930 seeks to undo it.

29. The Motion should be granted.

WHEREFORE, Bedford asks this Court to grant this Motion and issue orders:

A.) pursuant to 11 U.S.C. § 362(d)(1), and 105(a) modifying the automatic stay in this case to permit the Foreclosure to proceed, for the limited purpose of permitting the State Court to determine what is owed by Bedford to 1930;

B.) pursuant to 28 U.S.C. § 1334 ( c ) (1) and/or (2), abstaining to have the State Court determine, in the Foreclosure and/or the Special Proceeding what is owed by Bedford to 1930; and

C.) granting such other and further relief as the Court deems proper.

Dated: New York, NY
      October 1, 2019

                    WAYNE GREENWALD, P.C.
                    *Attorneys for the Debtor 1934 Bedford LLC*
                    475 Park Avenue South - 26th Floor
                    New York, New York 10016
                    212-983-1922

                    By:  /s/ Wayne M. Greenwald Pres.
                          Wayne M. Greenwald