**WAYNE GREENWALD, P.C.**
*Proposed Attorneys for the Debtor,*
*1934 Bedford LLC*
475 Park Avenue South - 26th Floor
New York, New York 10016
212-983-1922

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re                                                          Case No.: 19-44751-CEC

**1934 BEDFORD LLC,**                          Proceedings for
                                                                      Reorganization under
                 Debtor.           Chapter 11
---------------------------------------------------------X

## MOTION TO RETAIN WAYNE GREENWALD, P.C., AS THE DEBTOR'S ATTORNEYS

**TO:  HON. CARLA E. CRAIG**
      **UNITED STATES CHIEF BANKRUPTCY JUDGE**

1934 Bedford LLC, Debtor and Debtor in Possession ("Bedford" or the "Debtor"), represents:

1. The Debtor requests that this Court enter orders, pursuant to 11 U.S.C. § 327, authorizing the Debtor to retain Wayne Greenwald, P.C. ("WGPC"), as its attorneys in this case (the "Motion").

## BACKGROUND

2. An involuntary petition for relief under chapter 11 of the Bankruptcy Code was filed against Bedford on August 2, 2019.

3. On September 12, 2019, Bedford consented to the entry of an order for

relief under chapter 11 of the Bankruptcy Code.

4. The order for relief was entered on October 2, 2019.

5. Bedford continues in the operation of its business and control of its property as debtor in possession, pursuant to 11 U.S.C. §§ 1108 and 1109.

6. The Debtor own, operates and develops a mutli-unit building in Brooklyn, New York.

7. No committee of unsecured creditors has been appointed in this case.

8. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and 157.

9. This matter is a "core proceeding" as that term is defined by 28 U.S.C. § 157.

10. This matter concerns a "public right."

11. This district is the appropriate district to consider this Motion, pursuant to 28 U.S.C. § 1408.

### RETAINING WGPC

12. The Debtor wants to retain the law firm of WGPC with offices at 475 Park Avenue South - 26th Floor, New York, New York, 10016 as its attorneys.

13. The Debtor believes that WGPC is well versed in the law on the matters on which it is to be retained and is qualified to perform the services needed by the Debtor in this case

14. After conferring with Wayne Greenwald, the Debtor believes that WGPC

does not hold or represent an adverse interest to the estate, and is a disinterested person

## SERVICES TO BE RENDERED

15. The Debtor believes it is necessary to retain WGPC to render the following services:

   A.) to assist the Debtor in administering this case;

   B.) making such motions or taking such action as may be appropriate or necessary under the Bankruptcy Code;

   C.) to represent the Debtor in prosecuting adversary proceedings to collect assets of the estate and such other actions as the Debtor deems appropriate;

   D.) to take such steps as may be necessary for the Debtor to marshal and protect the estate's assets;

   E.) to negotiate with the Debtor's creditors in formulating a plan of reorganization for the Debtor in this case.

   F.) to draft and prosecute the confirmation of the Debtor's plan of reorganization in this case.

   G.) to render such additional services as the Debtor may require in this case.

## TERMS OF RETENTION

16. The Debtor and WGPC agreed to the following terms for WGPC's compensation.

17. WGPC shall bill the Debtor for legal services at its regular hourly rates.

18. These fees range from $600.00 per hour for partners' time, up to $550 per hour for counsels' time, $150 per hour to $400 per hour for associates' time, and $75 - $150 per hour for clerk's and paraprofessionals' time.

19. These fees are subject to change on an annual basis.

20. WGPC shall also be reimbursed for its disbursements incidental to its representing the Debtor in this case.

21. WGPC agreed to receive an initial retainer of $20,000 (the "Initial Retainer").

22. WGPC drew down $15,000 of the Initial Retainer on account of services in anticipation of and to be rendered in this case's initial phases

23. WGPC shall make applications for the payment and allowance of fees and disbursements, pursuant to 11 U.S.C. §§ 330 and 331 and Fed. R. Bankr. P. 2016.

24. The Debtor consents to WGPC receiving compensation on a monthly basis pursuant to any procedure of this Court permitting WGPC to receive compensation on a monthly basis.

25. The full details and terms of WGPC's retention are stated in the annexed

engagement letter agreement between WGPC and the Debtor, dated September 12, 2019

26. The terms of the engagement letter are incorporated herein and made a part of this Motion.

27. To the extent the engagement letter's terms conflict with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, or this Court's rules, the Bankruptcy Code, Bankruptcy Rules, or this Court's rules will control

28. No prior application has been made for the relief sought herein.

WHEREFORE, it is requested that an order be entered authorizing the retention of Wayne Greenwald, P.C., as the Debtor's attorneys herein, pursuant to the terms stated herein, together with such other and further relief as this Court deems proper.

Dated: New York, New York
      October 6, 2019

                            1934 BEDFORD LLC

                            By: /s/ Nikol Vonlavrinoff Principal
                                 Nikol Vonlavrinoff