# WAYNE GREENWALD, P.C.
*Attorneys*

at 475 Park Avenue South - 26th Floor
New York, New York 10016
Tel: 212-983-1922   Fax: 877-354-1003
e-mail: grimlawyers@aol.com

W. M. Greenwald

September 12, 2019

Via email:  nlavrinoff@gmail.com

Mr. Nikol Vonlavrinoff
1934 Bedford LLC
1930-1934 Bedford Avenue
Brooklyn, NY

Re: **Engagement of Wayne Greenwald, P.C. in Connection with a Chapter 11 Case Under the U.S. Bankruptcy Code for 1934 Bedford, LLC.**

Dear Mr. Vonlavrinoff:

Pursuant to your request, this letter states the terms for Wayne Greenwald, P.C. 's ("WGPC" or the "Firm") engagement and retention to represent 1934 Bedford, LLC. (sometimes referred to as the "Client"), as a debtor in possession in a case under chapter 11 of the United Bankruptcy Code, to be filed with United States Bankruptcy Court for the Eastern District of New York (the "Matter").

If you or the Client wish to retain WGPC in any other regard, an additional retainer agreement will be required. If no other retainer agreement is executed, this agreement's terms shall govern that engagement.

Services to be rendered in connection with the Matter include:

A.) assisting the Client in administering its case;

B.) making such motions or taking such action as may be appropriate or necessary under the Bankruptcy Code;

C.) representing the Client in pursuing adversary proceedings to collect assets of the estate and such other actions as the Clients deem necessary and appropriate;

D.) taking such steps as may be necessary for the Client to marshal and

WAYNE GEENWALD, P.C.

Mr. Nikol Vonlavrinoff
1934 Bedford LLC.
September 12, 2019
Page 2

>
> protect the estate's assets;
>
> E.) negotiating with the Client's creditors in formulating a plan of reorganization for the Client in its case.
>
> F.) drafting and seeking the confirmation of the Client's plan of reorganization in this case.
>
> G.) rendering such additional services as the Client may require in this case.

The Firm agrees to represent the Client, in connection with the Matter on the following terms:

The payment of a retainer in the sum of $20,000 (the "Initial Retainer") in good funds, receipt of which is acknowledged. The Firm is not required to work on the Matter until the Initial Retainer is paid. The Firm will draw down on the Initial Retainer to pay for work done in connection with filing and the early phases of the bankruptcy case.

WGPC shall bill the Client at its regular hourly rates of $600.00 per hour for partners' time, up to $550 per hour for counsels' time, $150 per hour to $400 per hour for associates' time, and $75 - $150 per hour for clerk's and paraprofessionals' time. The Client and you hereby acknowledge that such hourly rates are reasonable.

The Client shall be responsible for the payment of all disbursements including, but not limited to, customary transportation expenses, transcripts and stenographers' fees, filing fees, photo-duplication, secretary over-time specific to the Matter, computer assisted research, faxes, messenger and courier services, local counsel's fees, the reasonable cost of meals while in transit or out of town, long distance telephone calls, process servers and faxes, witness' fees, expert witness' charges, accountants' fees where applicable. The Client will pay larger disbursements in advance and directly to the provider, when requested by the Firm.

After the payment and exhausting of the Initial Retainer, the Firm shall seek compensation for services and reimbursement of expenses in compliance with the applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. If available under applicable local bankruptcy court rules, the Client and you agree that the Firm may seek and be compensated on a monthly basis as provided by applicable procedures.

If the Firm has to expend any time or advance any disbursements in

WAYNE GEENWALD, P.C.

Mr. Nikol Vonlavrinoff
1934 Bedford LLC.
September 12, 2019
Page 3

connection with collecting any outstanding balance due hereunder, the Client and/or person responsible for paying the balance of the Initial Retainer shall pay the Firm for any costs of collection, including, but not limited to, attorneys' fees and disbursements attributable to time expended by the undersigned, the Firm or any other firm in connection with same, including fees for the time expended by the staff of the undersigned Firm.

The Client agrees to indemnify the Firm and hold the Firm harmless, from any and all claims which seek to avoid, undo or in any other way challenge the Firm's right to receive and/or retain transfers made by or on the Client's account in connection with the Initial Retainer ("Challenged Transfer Claims"). This obligation to indemnify and hold harmless includes but, is not limited to, indemnifying and holding the Firm harmless from all costs and disbursements and attorneys' fees relative to the Firm defending against Challenged Transfer Claims in any way, including, but not limited to negotiations and the payment or promise by the Firm to pay any and all sums either in settlement of Challenged Transfer Claims and/or as a result of a judgment upon Challenged Transfer Claims.

The Client and you agree to cooperate with the Firm in furthering the Client's reorganization case. You and the Client understand that a successful reorganization depends on the Client functioning financially rather than any particular legal strategy.

The Firm may terminate its services upon five days written notice if the Client fails to cooperate with the Firm or if the Firm determines, in its sole discretion, that continuing its services would be impractical, unethical, or ineffective. Termination of services, pursuant to this paragraph, shall in no way prejudice or diminish any rights which the Firm may have to secure and/or obtain its compensation.

The Client has the right to terminate this engagement, subject to Bankruptcy Court approval.

A facsimile of a valid signature on this agreement or any other document which may be Issued pursuant to this agreement shall be binding and have the same effect as an original.

This agreement may be signed in counterparts.

The Client and you understand that the Firm does not guarantee, nor has it promised any particular outcome on the Matter or of any particular proceeding within or aspect of the Matter.

The Client and you understand that the Firm's duty is solely to the Client, not

WAYNE GEENWALD, P.C.

Mr. Nikol Vonlavrinoff
1934 Bedford LLC.
September 12, 2019
Page 4

to any officer, director equity security holder of the Debtor.

    This retainer agreement covers all services already rendered and to be rendered by the Firm related to the Matter.

    If there are ambiguities in ths agreement or if this agreement's terms have to be construed or interpreted by any Court or tribunal, no term of this agreement shall be construed or interpreted for or against any party solely because of who supposedly drafted this agreement.

    If any check tendered to the Firm for payment of any of the obligations to the Firm under this agreement is returned and/or dishonored for any reason, the Client shall pay the Firm $100 on each such occasion to cover bank fees and other processing fees.

    No delay or forbearance by the Firm in exercising any of its rights under this agreement shall be deemed to be or work as a waiver, deferral or other limitation or prejudice to the Firm's rights under this agreement.

    Unless otherwise notified in writing, all notices and correspondence to the Client shall be sent to the e-mail address stated above.

    The Client and you understand that there are circumstances under which the Client's reorganization case can be dismissed or converted to a liquidation case under chapter 7 of the Bankruptcy Code and/or trustee can be imposed in the reorganization case (see annexed). Those circumstances have been explained to the Client and you. The Client and you understand that if that if a trustee is imposed or the case converted, that trustee will take over the Client's operations, affairs and assets to the exclusion of present management and shall investigate and potentially prosecute claims against the Client and its management based on transactions between the Client and its management and/or the management of the Client.

    In the event any sanctions are sought or obtained against the Firm or any of its members or employees or counsel as a result of our taking any position in the Matter or failing to take any position in the Matter: a.) for which we have advised the Client in writing in advance that there is a risk of sanctions, and b.) the Client directed us to proceed, directed us not to proceed or prevented us from proceeding notwithstanding the risk of sanctions, the Client agrees to indemnify the Firm for such sanctions and the fees related to defending against any proceeding which seeks sanctions.

    The Client and Firm understand and agree that this is not an exclusive agreement, and the Client is free to retain any other counsel of their choosing. The

W‌AYNE G‌EENWALD, P.C.

Mr. Nikol Vonlavrinoff
1934 Bedford LLC.
September 12, 2019
Page 5

Firm recognizes that it is disqualified from representing any other client with interests materially and directly adverse to the Client (I) in any matter which is substantially related to the Firm's representation of the Client and (II) with respect to any matter where there is a reasonable probability that confidential information the Client furnished to the Firm could be used to the Client's disadvantage. The Client understands and agrees that, with those exceptions, after this engagement is ended, the Firm is free to represent other Clients, including Clients whose interests may conflict with the Client's in litigation, business transactions, or other legal matters. The Client agrees that the Firm's representing the Client in this matter will not prevent or disqualify the Firm from representing clients adverse to the Client in other matters and that the Client consents in advance to the Firm undertaking such adverse representations.

     Subject to Bankruptcy Court approval, the Client is fully authorized to retain WGPC as its attorneys to represent it in the Matter. No further corporate authority is required or need be sought or obtained for the Client to authorize the retention of WGPC pursuant to this agreement.

     This agreement is governed by the law of the State of New York. Any action to enforce any rights granted under this agreement shall be commenced in the courts of the State of New York or if applicable, the bankruptcy court in which the Client's bankruptcy case is pending.

     This agreement is not a consumer credit transaction There are no third-party beneficiaries to this agreement.

     This agreement contains the entire agreement of the parties. Neither party relied or any representation or promise not stated in this agreement.

     The terms of this agreement may not be changed and/or modified except by a writing signed by the party or parties whose rights, obligations and/or interests under this agreement are being changed and/or modified.

     Prior to executing this agreement, the undersigned had the opportunity to have this agreement reviewed by independent counsel.

     We look forward to working with you and the Client in connection with the Matter, and will do our utmost to achieve a result satisfactory to you and the Client.

THIS SPACE LEFT BLANK INTENTIONALLY

WAYNE GEENWALD, P.C.

Mr. Nikol Vonlavrinoff
1934 Bedford LLC.
September 12, 2019
Page 6

        Very Truly Yours,

        WAYNE GREENWALD, P.C.


        By:  /S/ Wayne M. Greemwald  Pres.
            Wayne M. Greenwald


The foregoing has been read and
the undersigned agrees to and
understands its terms. Any questions
which the undersigned had have been
answered to the undersigned's
satisfaction.

Receipt of a copy of this agreement
is acknowledged.


1934 Bedford, LLC.


By:  Nikol Vonlavrinoff  Principal
    Nikol Vonlavrinoff

WAYNE GEENWALD, P.C.

Mr. Nikol Vonlavrinoff
1934 Bedford LLC.
September 12, 2019
Page 7

    11 U.S.C.A. § 1112 Conversion or dismissal

(a) The debtor may convert a case under this chapter to a case under chapter 7 of this title unless–

    (1) the debtor is not a debtor in possession;
    (2) the case originally was commenced as an involuntary case under this chapter; or
    (3) the case was converted to a case under this chapter other than on the debtor's request.

(b)(1) Except as provided in paragraph (2) and subsection (c), *on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause* unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

(2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that--

    (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
    (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--

        (i) for which there exists a reasonable justification for the act or omission; and
        (ii) that will be cured within a reasonable period of time fixed by the court.

(3) The court shall commence the hearing on a motion under this subsection not later than 30 days after filing of the motion, and shall decide the motion not later than 15 days after commencement of such hearing, unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting the time limits established by this paragraph.

*(4) For purposes of this subsection, the term "cause" includes--*

WAYNE GEENWALD, P.C.

Mr. Nikol Vonlavrinoff
1934 Bedford LLC.
September 12, 2019
Page 8

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
> (B) gross mismanagement of the estate;
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
> (E) failure to comply with an order of the court;
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
> (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
> (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
> (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
> (K) failure to pay any fees or charges required under chapter 123 of title 28;
> (L) revocation of an order of confirmation under section 1144;
> (M) inability to effectuate substantial consummation of a confirmed plan;
> (N) material default by the debtor with respect to a confirmed plan;
> (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
> (P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

(c) The court may not convert a case under this chapter to a case under chapter 7 of this title if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion.

........

WAYNE GEENWALD, P.C.

Mr. Nikol Vonlavrinoff
1934 Bedford LLC.
September 12, 2019
Page 9

> (e) Except as provided in subsections (c) and (f), the court, on request of the United States trustee, may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate if the debtor in a voluntary case fails to file, within fifteen days after the filing of the petition commencing such case or such additional time as the court may allow, the information required by paragraph (1) of section 521(a), including a list containing the names and addresses of the holders of the twenty largest unsecured claims (or of all unsecured claims if there are fewer than twenty unsecured claims), and the approximate dollar amounts of each of such claims.
>
> (f) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

11 U.S.C.A. § 1112 (West)(Emphasis Supplied)