UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re

                                    Chapter 11
                                    Case no. 19-44751-*cec* (*CEC*)

1934 Bedford, (*CEC*) LLC

        Debtor and Debtor in Possession.
------------------------------------------------------------x

**ORDER (I) AUTHORIZING THE SALE OF PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §363; (II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF RESIDENTIAL LEASES; (III) FINDING PURCHASER IS A GOOD FAITH PURCHASER; (IV) WAIVING THE STAY OF SALE ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PRO- CEDURE 6004(h); AND (V) GRANTING RELATED RELIEF.**

Upon consideration of the motion[1] (the "Motion") of 1934 BEDFORD LLC, (the "Debtor"), by and through its counsel, the Law Office of Rachel S. Blumenfeld PLLC, seeking entry of an order: (i) authorizing the sale of that certain parcel of Property located at 1930 Bedford Avenue, Brooklyn, New York (the "Property "or "Premises") free and clear of all liens, claims and encumbrances pursuant to that certain Contract of Sale (the "Sale Agreement") to Oldham Properties LLC (the "Purchaser") pursuant to sections 105, and 363(b) and (f) of Title 11 of the United States Code §§ 101 et seq. (the "Bankruptcy Code"); (ii) authorizing the assumption and assignment of the residential and nonresidential leases located at the Premises (the "Leases") (iii) determining that the Purchaser is a good faith purchaser and thereby is entitled to the protections afforded by section 363(m) of the Bankruptcy Code; (iv) waiving the 14-day stay required by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and (v) granting such other relief as this Court deems just and proper; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court under 28 U.S.C. §§ 1408 and

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed in the Motion.

1409; and due and proper notice having been given, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested; and it appearing that the relief requested in the Motion is in the best interest of the Debtor, the estate, and creditors; and all objections to the Motion having been withdrawn or overruled; and upon all of the proceedings had before the Court and upon due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED,** that the Motion is granted; and it is further

**ORDERED,** that the Motion, the Sale Agreement, and all ancillary documents and transactions contemplated therein, including the sale of the Premises and the assumption and assignment of the Leases to the Purchaser, are approved, and it is further

**ORDERED**, that the Debtor and the Purchaser are authorized and empowered under the Bankruptcy Code, including sections 105 and 363 thereof, to perform their respective obligations under the Sale Agreement and to take such actions as are necessary and appropriate to effectuate the terms of the Sale Agreement without any further authorization or order of this Court; and it is further

**ORDERED**, that pursuant to section 363(f) the sale of the Premises is "free and clear" of liens, claims, interests and encumbrances shall attach to the proceeds of sale to the extent of the validity, rank and priority of such liens, claims and encumbrances and it is further

**ORDERED,** that the Debtor is deemed to have assumed the Leases immediately upon entry of this Order; and it is further

**ORDERED,** that the assignment of the Leases by the Debtor to the Purchaser upon closing will be a valid, legal, and effective assignment, notwithstanding any requirement for approval or consent by any entity; and it is further

**ORDERED,** that the Purchaser shall be deemed a good faith purchaser and shall be accorded all the protections of such good faith purchaser provided pursuant to section 363(m) of the Bankruptcy Code; and it is further

**ORDERED,** that the Purchaser agrees to a closing to be scheduled in accordance with the terms of the Sale Agreement; and it is further

**ORDERED,** that this Court shall retain exclusive jurisdiction to enforce the provisions of this Order and the Sale Agreement, and to resolve any dispute concerning this Order, the Sale Agreement, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Sale Agreement and this Order, including, but not limited to, interpretation of the terms, conditions and provisions thereof, and all issues and disputes arising in connection with the relief authorized herein; and it is further

**ORDERED,** that the failure to specifically include any particular provision of the Sale Agreement in this Order shall not diminish or impair the efficacy of such provision, it being the intent of this Court that the Sale Agreement and each and every provision, term and condition thereof be authorized and approved in their entirety; and it is further

**ORDERED,** that pursuant to Bankruptcy Rule 6004(h), this Order shall be effective immediately upon its entry, and the sale approved by this Order may close immediately upon its entry, notwithstanding any otherwise applicable waiting periods; and it is further;

**ORDERED**, to the extent provided under §1146(a) of the Bankruptcy Code, the deed to the Property may be transferred to the Purchaser to implement a Chapter 11 plan confirmed by the Bankruptcy Court before such transfer, and in that event, the Property transfer to the Purchaser shall qualify for the stamp tax exemption under section 1146(a) of the Bankruptcy Code

such that the filing and recording of said deed shall not be subject to payment of any local, county or State transfer tax, a stamp tax or similar tax; and it is further

**ORDERED,** that a true copy of this Order shall be served on all parties-in- interest by regular, first-class mail within seven (7) days of the date hereof; and it is further

**ORDERED**, if the Sale Agreement and the Proposed Order conflict, the Proposed Order shall govern.



**Dated: Brooklyn, New York**
**April 13, 2020**

**Carla E. Craig**
**United States Bankruptcy Judge**