Mark Frankel  
Backenroth Frankel & Krinsky, LLP  
800 Third Avenue, Floor 11  
New York, New York  10022  
(212) 593-1100  

Hearing Date: June 24, 2020  
2:30 p.m.

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
-----------------------------------------------------------x  
In re                                                                         Chapter 11  

      1934 Bedford, LLC                                    Case No.  19-44751  

              Debtor.  
-----------------------------------------------------------x  

## **NOTICE OF HEARING**

        PLEASE TAKE NOTICE, that a hearing will be held before the Honorable Carla E. Craig at the United States Bankruptcy Court, United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York, on June 24, 2020 at 2:30 p.m., or as soon thereafter as counsel can be heard, to consider the application of 1930 Bedford Avenue LLC ("Mortgagee") for an order under section 1104(a) of the Bankruptcy Code appointing a Chapter 11 trustee if the Mortgagee's Chapter 11 plan is not confirmed.

        PLEASE TAKE FURTHER NOTICE, that objections shall be filed with the Clerk of the Bankruptcy Court, United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York, and served upon the undersigned to be received at least seven days prior to the hearing date.

Dated: New York, New York  
       June 2, 2020  

                                BACKENROTH FRANKEL & KRINSKY, LLP  
                                Attorneys for 1930 Bedford Avenue LLC

                                By: s/Mark A. Frankel  
                                    800 Third Avenue  
                                    New York, New York 10022  
                                    (212) 593-1100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                          Chapter 11

    1934 Bedford, LLC,                                          Case No. 19-44751

                     Debtor.
-----------------------------------------------------------x

## MOTION TO APPOINT CHAPTER 11 TRUSTEE

        1930 Bedford Avenue, LLC ("Mortgagee"), as and for its application for an order under section 1104(a) of the Bankruptcy Code appointing a Chapter 11 trustee if the Mortgagee's Chapter 11 plan ("Plan") is not confirmed, respectfully represents as follows:

## BACKGROUND

        1.     The Debtor owns the real property at 1930 Bedford Avenue, Brooklyn, New York (the "Property").

        2.     The Mortgagee holds first mortgages in the principal amount of $15,000,000. As set forth in Mortgagee's September 19, 2019 proof of claim, the total amount due as of September 12, 2019 is $18,809,274. Per diem 24% interest accrues at $10,000 per day. The Debtor's schedules disclose additional secured claims of record against the Property totaling about $1,666,429. Scheduled secured claims thus total approximately $20,478,703. The Debtor's schedules disclose unsecured claims totaling $8,641,000, $8,500,000 is claimed by Nikol Vonlavrinoff, the Debtor's principal. Based on the Schedules, the Claims total about $29,119,703.

3. The $1,686,812 secured lien filed against the Property on about August 29, 2018 was a material event of default under the Mortgages. The Maturity Date in each note ("Notes") annexed to the Proof of Claim is February 28, 2019.

4. The Mortgagee commenced its Foreclosure Action on June 3, 2019 and promptly sought the appointment of a receiver.

5. By order dated June 11, 2019 (the "Receiver Order,"), the Supreme Court appointed a receiver to take possession of the Property and the rental income.

6. On June 23, 2019, the Debtor requested an emergency order to show cause for injunctive relief vacating the Receiver Order pending determination of the Debtor's motion to vacate.

7. The Supreme Court denied the application for injunctive relief and set the matter down for a hearing on the merits. The Debtor appealed both the Receiver Order and the denial of injunctive relief. On June 27, 2019, the Appellate Division affirmed the Receiver Order. On July 10, 2019, the Supreme Court denied the Debtor's order to show cause on the merits.

8. On June 17, 2019 the Debtor sued the Mortgagee in a special proceeding under RPL § 274-to compel the Mortgagee to retract is prior payoff letter and replace it with a payoff letter that did not include default interest and other charges. The Debtor falsely argued that it had received oral default waivers, despite the loan documents prohibition on oral waivers to preclude such self-serving arguments. The Debtor falsely argued further that the Mortgagee

failed to give default notices, despite there being no obligation in the loan documents to give notice of unauthorized subordinate liens.

9. On August 2, 2019, the receiver filed his bond. The same day, certain petitioners filed this bankruptcy as an involuntary case. At a hearing on September 12, 2019 on the Mortgagee's motion to permit the receiver to take possession, it became clear that the involuntary filing was collusive so the Debtor could avoid filing a voluntary petition. The Debtor then consented to an order for relief.

10. On March 25, 2020, the Court approved a $27,250,000 sale of the Property ("Oldham Sale").

11. If the Oldham Sale does not close as contemplated, secured claims will have increased dramatically, but the property value will be less predictable than ever.

12. The Mortgagee, therefore, proposed a Chapter 11 plan that approves the Oldham Sale, but provides for a backup sale process to ensure that the Property is sold as soon as practicable if the Oldham Sale does not close.

13. The Debtor has also proposed a Chapter 11 plan, but the Debtor's plan provides for a much longer backup sale process with no assurance of payment to the Mortgagee nor payment of interest as it accrues at $10,000 per day pending sale. The Debtor's plan may not be confirmable for other reasons that prejudice the Mortgagee's rights.

14. The Debtor filed an objection to the Mortgagee's claim and argues that the Mortgagee's plan is defective because it permits the Mortgagee to vote and credit bid

notwithstanding the Debtor's claim objection.  The Debtor argues further that its plan is superior to the Mortgagee's Plan because Mr. Lavrinoff, the Debtor's principal will subordinate his scheduled $8,500,000 claim if the Debtor's plan is confirmed, but not if the Mortgagee's Plan is confirmed, thereby ensuring a better outcome for general unsecured creditors.

15. Meanwhile, during this case the Debtor has ignored this Court's Rule 2004 order requiring the production of books and records both pre-petition and post-petition.  Instead, the Debtor has limited production to bank statements with large unidentifiable transfers and certain vendor invoices.  *See* Mortgagee's objection to Debtor's motion for reconsideration of order requiring adequate protection payments, docket no. 85.

16. The records NOT turned over are those that would show the transferees of money disbursed after the Debtor stopped making payments to the Mortgagee, transfers of funds to insiders, and the basis for the $8.5 million undisputed general unsecured claim Mr. Von Lavrinoff scheduled for himself.

17. In addition, the Debtor admits to using cash collateral without Bankruptcy Court authorization.  *See* October 2019 Operating Report, docket no. 54.  The Mortgagee cannot negotiate a cash collateral order, or even ensure regular payment of vendor claims because the Debtor refuses to open its books and records or even produce a rent roll with aging.

18. Since August, the Debtor has made two and one half interest payments at the pre-maturity contract rate, which is only a fraction $10,000 per day post-maturity 24% interest due and owing.  Simply put the Debtor cannot and has not complied with Court ordered adequate protection payments, even at the reduced rate.  Thus, by the time this motion is heard,

the Debtor's equity in the Property will have declined by over $3,000,000 in unpaid interest alone since this case was filed.

19. If the Mortgagee's Plan is not confirmed and the Property is not promptly sold, the weight of default interest at $10,000 per day, coupled with the Debtor's delay strategy, will quickly put the property underwater. In that event, a disinterested fiduciary must make prudent decisions on the Debtor's behalf to preserve and protect the value of the Property to benefit creditors.

## ARGUMENT

20. "Chapter 11 of the Bankruptcy Code is designed to allow a debtor-in-possession to retain management and control of the debtor's business operations." *In re Ashley River Consulting, LLC*, No. 14-13406 (MG), 2015 WL 1540941, at *8 (Bankr. S.D.N.Y. Mar. 31, 2015). However, "[t]he willingness of Congress to leave a debtor-in-possession is premised on an expectation that current management can be depended upon to carry out the fiduciary responsibilities of a trustee." *In re V. Savino Oil & Heating Co., Inc.*, 99 B.R. 518, 526 (Bankr. E.D.N.Y. 1989). Where, as here, a "debtor-in-possession defaults in its responsibilities, the debtor may be dispossessed of control of its business and a chapter 11 trustee appointed." *Ashley River Consulting,* 2015 WL 1540941, at *8; *see also In re Celeritas Techs., LLC*, 446 B.R. 514, 518 (Bankr. D. Kan. 2011) (appointing chapter 11 trustee "to preserve the integrity of the bankruptcy process and to insure that the interests of creditors are served").

21. Determining whether to appoint a trustee is governed by section 1104(a) of the Bankruptcy Code, which provides that, after the commencement of a chapter 11 case but before confirmation of a plan, a bankruptcy court "shall" order the appointment of a trustee:

> for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause . . . ; or
>
> if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate . . . .

11 U.S.C. § 1104(a). Appointment of a trustee is mandatory if the movant can satisfy either subsection. *Id.* Here, both subsections are satisfied.

22. The party moving to appoint a chapter 11 trustee must show entitlement to a trustee by clear and convincing evidence, though "bankruptcy courts have wide discretion in considering the relevant facts and are not required to conduct a full evidentiary hearing in considering a motion for the appointment of a chapter 11 trustee." *In re Sillerman*, 605 B.R. 631, 641 (Bankr. S.D.N.Y. 2019).

23. Under section 1104(a)(1) of the Bankruptcy Code, the appointment of a chapter 11 trustee is mandatory upon demonstrating cause "inclusive of fraud, dishonesty, incompetence or gross mismanagement of the debtor's affairs by current management." *Ashley River Consulting,* 2015 WL 1540941, at *9. The list is not exhaustive. "Courts have held . . . that factors that may constitute cause for the appointment of a trustee include inappropriate relations between corporate parents and subsidiaries, misuse of assets and funds, inadequate record-keeping and reporting, and various instances of conduct found to establish fraud or

dishonesty, lack of credibility, and lack of creditor confidence." *In re Futterman*, 584 B.R. 609, 616 (Bankr. S.D.N.Y. 2018). Under the facts of this case, "cause" exists under section 1104(a)(1) to appoint a trustee based on: (a) the Debtor's inadequate and inconsistent record keeping, failure to disclose books and records, and discovery deficiencies under Rule 2004 and (b) the Debtor's inability, failure and refusal to comply with the Bankruptcy Code regarding use of cash collateral and colluding in filing an involuntary petition.

24.     Where, as here, "a debtor 'fails to disclose material and relevant information to the Court and creditors, a chapter 11 trustee is required.'" *Ashley River Consulting*, 2015 WL 1540941, at *9 (quoting *In re Plaza de Retiro, Inc.*, 417 B.R. 632, 641 (Bankr. D. N. M. 2009)); *In re Sillerman*, 605 B.R. at 652 (recognizing that cause existed to appoint a chapter 11 trustee where the debtors failed to "make required filings and disclosures that would enhance transparency" and observing that the "lack of transparency also casts doubt on the Debtor's trustworthiness"); *In re Celeritas Techs., LLC*, 446 B.R. at 521 (finding cause existed to appoint a trustee where the Debtor "produc[ed] illegible ledgers, fail[ed] to disclose material information regarding improved finances . . . failed to provide accurate information about their ownership [and] the recent pre-petition change in ownership"); *In re V. Savino Oil & Heating Co., Inc.*, 99 B.R. at 526 (where debtor fails to disclose "material and relevant information to the Court and creditors, a Chapter 11 trustee is required"); *In re Deena Packaging Industries, Inc.*, 29 B.R. 705, 707-8 (Bankr. S.D.N.Y. 1983) (finding cause where debtor failed to disclose items of income or certain liabilities in original and amended schedules

without justification and characterizing such omissions as "as dishonest conduct for the purposes of section 1104(a)(1)").

25. Similarly, courts recognize that "noncompliance with court orders" or "failure to comply with the Bankruptcy Code" "clearly falls within the scope circumscribed by [section 1104(a)(1)]—either as a 'similar cause' or as a permutation of 'incompetence, or gross mismanagement.'" *In re AG Serv. Centers, L.C.*, 239 B.R. 545, 550-51 (Bankr. W.D. Mo. 1999) (explaining that "compliance with Court orders and the Code is *a fortiori* in the interests of creditors and the estate"). Again, the Debtor has disregarded this Court's Rule 2004 order, illegally used cash collateral and colluded in filing an involuntary petition. *See In re Sillerman*, 605 B.R. at 642, 645 (observing that "[n]oncompliance with the Bankruptcy Code is conduct that clearly constitutes cause under section 1104(a)(1)" and finding cause exists to appoint a trustee, where, like here, a debtor rarely complied with the court's orders) (collecting cases).

26. Most important is the Debtor's failure to comply with its Court-ordered obligation to pay monthly interest at the pre-maturity default rate. Payment of that amount was the *quid pro quo* for remaining a debtor in possession in the first place.

27. The Debtor's acrimony towards the Mortgagee constitutes further "cause" to appoint a trustee. The Debtor filed a pleading questioning the Mortgagee's principals' adherence to their religious faith and published photographs in a pleading of members of the principals' families whose religious practices the Debtor advocates the principals follow. *See* November 25, 2019 affidavit of Nikol Von Lavrinoff annexed to Debtor's application to use cash collateral, docket no. 56.

28. Acrimony of this sort is sufficient cause to appoint a trustee. *See In re Marvel Entm't Grp.*, 140 F.3d 463, 473 (3d Cir. 1998) (holding that the acrimony between the debtor-in-possession and the creditors is sufficient "cause" under section 1104(a)(1) to warrant the appointment of a trustee); *In re Eurospark Indus., Inc.*, 424 B.R. 621, 630 (Bankr. E.D.N.Y. 2010) ("[A]crimony between the creditors and the debtor's management, standing alone, has been found to be a basis to appoint a chapter 11 trustee under 11 U.S.C. § 1104(a)(2).").

29. Even if this Court does not find that a trustee should be appointed "for cause" under section 1104(a)(1), under section 1104(a)(2), a trustee appointment is in the interests of the parties and the estate. *See Ashley River Consulting,* 2015 WL 1540941, at *11. Section 1104(a)(2) "envisions a flexible standard" and "gives the court discretion to appoint a trustee when doing so would serve the parties' and estate's interests." *Id.*; *In re Soundview Elite, Ltd.*, 503 B.R. 571, 583 (Bankr. S.D.N.Y. 2014). Section 1104(a)(2) "reflects 'the practical reality that a trustee is needed.'" *See In re V. Savino Oil & Heating Co., Inc.*, 99 B.R. at 527 n.11. Factors that courts consider include:

> (i) the trustworthiness of the debtor; (ii) the debtor's past and present performance and prospects for reorganization; (iii) the confidence -- or lack thereof -- of the creditors in the present management; and (iv) the benefits derived by the appointment of a trustee, balanced against the cost of the appointment.

*In re Ancona*, No. 14-10532 (MKV), 2016 WL 7868696, at *12 (Bankr. S.D.N.Y. Nov. 30, 2016).

30. Again, the Debtor and its principal have concealed the Debtor's books and records, including an accounting of income and expenses, payments to insiders and the origin of

about a dozen mechanics liens.  The Debtor and its principal have also concealed the basis for Mr. Von Lavrinoff's $8.5 million scheduled claim which the Debtor is using as a basis for denying confirmation of the Mortgagee's Plan.  *See, e.g.*, *In re Ridgemour Meyer Properties*, LLC, 413 B.R. 101, 110, 113-14 (Bankr. S.D.N.Y. 2008) (finding president and principal displayed a lack of candor and were untrustworthy).

31. For these reasons, plus the collusive involuntary petition and the Debtor's attack on the religious observance of the Mortgagee's principals, the Mortgagee has no confidence in Mr. Von Lavrinoff.

32. Most important, absent confirmation of the Mortgagee's Plan, the Debtor is likely to revert to its delay strategy that started with a collusive involuntary petition and continued for months afterwards, with no interest payments and closed books and records.

33. A trustee will protect the integrity of, and maximize recovery to, the estate. In addition, appointment of a chapter 11 trustee that is diligent, focused, and trustworthy would likely reduce the estate's costs in litigating with the Mortgagee.

34. In summary, the benefits of appointing a trustee far outweigh the corresponding costs of appointment.  A chapter 11 trustee would be much better equipped to comply with the Bankruptcy Code, preserve and protect the Property and build consensus around a Chapter 11plan.

35. No prior request for the relief sought has been made to this or any other Court.

## **CONCLUSION**

WHEREFORE, if the Court does not confirm the Mortgagee's Plan, the Mortgagee respectfully requests the appointment of a Chapter 11 Trustee, and that the Court grant such other, further and different relief as may be just and proper.

Dated: New York, New York
       June 2, 2020

                                BACKENROTH FRANKEL & KRINSKY, LLP
                                Attorneys for the Mortgagee

                            By:    s/Mark Frankel
                                   800 Third Avenue
                                   New York, New York 10022
                                   (212) 593-1100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                      Chapter 11

    1934 Bedford, LLC                                      Case No.  19-44751

                         Debtor.
-----------------------------------------------------------x

## **ORDER APPOINTING CHAPTER 11 TRUSTEE**

        Upon the application ("Application") of 1930 Bedford Avenue LLC ("Mortgagee") for an order appointing a Chapter 11 Trustee, and upon the hearing held before the Bankruptcy Court on June 24, 2020, and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED, that the Motion is granted, and the United States Trustee is directed to appoint a chapter 11 trustee pursuant to section 1104(d) of the Bankruptcy Code, subject to this Court's approval.